UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-423-JBC

JERRY AGOSTINI                                                                                           PETITIONER

VS:                         **MEMORANDUM OPINION AND ORDER**

U.S. MARSHALL, FEDERAL BUREAU OF
PRISONS, and RONALD BISHOP                                                                  RESPONDENTS

Jerry Agostini, who is incarcerated in the Fayette County Detention Center in Lexington, Kentucky, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 14, 2007. [Record No. 2] Agostini asserted that he had invoked and exhausted the Bureau of Prisons' ("BOP") administrative remedy procedure, but did not include copies of his Forms BP-229, BP-230, or BP-231, or the BOP's responses thereto. Therefore, on December 19, 2007, the Court ordered Agostini to file copies of these documents into the record within thirty days, and cautioned him that failure to file a timely response would result in denial of the petition. [Record No. 3]

On January 24, 2008, Agostini responded by filing a "Motion to Set Aside Deficiency Order, Motion for Bail, Motion to Supplement, Motion for Discovery." [Record No. 4] In his motion, Agostini indicates that after the Court entered its Deficiency Order, he requested copies of the relevant grievance documents from the Federal Prison Camp in Pensacola, Florida where he had been incarcerated. However, before receiving a response, Agostini was moved from the Fayette County Detention Center to the Woodford County Detention Center. This was done without obtaining the pre-authorization required by Federal Rule of Appellate Procedure 23(a). Agostini indicates that he has not received any mail forwarded

from the Fayette County Detention Center, and believes his response from the Florida prison may have been lost in the mail. He therefore requests that he be released on bail and/or provided the right to subpoena the relevant documents. He has also provided an affidavit in which he asserts that he filed a grievance with respect to the issues raised in his petition and pursued that grievance to exhaustion before the Bureau of Prisons' Central Office of Inmate Appeals.

As a threshold matter, Agostini's transfer does not affect this Court's jurisdiction over his habeas petition. *Cohen v. United States*, 593 F.2d 766 (6th Cir. 1979). The transfer alone provides no basis for the various forms of relief requested by Agostini. However, the transfer may have impeded Agostini's ability to obtain copies of the relevant grievance forms and the BOP's responses thereto. The Court will therefore afford Agostini additional time to obtain and file the documents necessary to demonstrate exhaustion of his administrative remedies.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Petitioner's "Motion to Set Aside Deficiency Order, Motion for Bail, Motion to Supplement, Motion for Discovery" [Record No. 4] is **DENIED.**

(2) Petitioner shall file copies of his grievance forms, including Form BP-229, BP-230, and BP-231, and the BOP's responses to each, regarding the claims asserted in the petition within thirty (30) days of the entry of this Order.

(3) If the petitioner fails to file the required documents or otherwise supply information demonstrating exhaustion of his administrative remedies within thirty (30) days from the date of entry of this Order, then the Court will dismiss the action for failure to

demonstrate exhaustion of administrative remedies.

(4) Upon the filing of all forms indicated herein or, alternatively, upon the expiration of forty (40) days from the date of entry of this Order, the Clerk of this Court is hereby directed to notify the Pro Se Office.

Signed on  March 3, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY